IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROBERT BEN RHOADES,**

      **Plaintiff,**

v.

**Case No. 22-cv-1931-NJR**

**ROB JEFFRIES**, *et al.*,

      **Defendants.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Plaintiff Robert Ben Rhoades's motion for counsel and extension of time (Docs. 19 and 20). Rhoades currently has twelve cases pending in this Court, and he filed a copy of his motion in each case. Rhoades requests counsel due to his difficulties drafting an Amended Complaint because of a previous injury to his hand.

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Servs.*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case,

does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

The Court finds that Rhoades has met his threshold burden of trying to obtain counsel on his own. As to his ability to represent himself, Rhoades indicates that he suffered a hand injury which resulted in limited use of his writing hand. He also indicates that it took him several months to write the complaints in his recently filed cases. But despite the limited use of his hand, his writing is clear and easy to understand. Rhoades filed eleven of his pending cases on August 18, 2022. He indicates that pursuing all of these cases will be burdensome for him because he will have to conduct discovery in each and obtain testimony from witnesses.

After initial review of Rhoades's many cases, the Court dismissed a number of the Complaints because they failed to state a viable claim. Rhoades was reminded at that time that he could dismiss those cases voluntarily without being assessed a strike that could impact his ability to file future cases. Thus, Rhoades does not have to pursue all of his claims, particularly those which do not appear to be viable or appear to be frivolous. The Court also has provided Rhoades with guidance on what information would be needed to state a viable claim. The Court finds that Rhoades is capable, both mentally and physically, of determining which cases to pursue and to draft amended complaints. Accordingly, his request for counsel is **DENIED**.

To the extent that Rhoades requests eight months to amend his claims in his pending cases, his request is **DENIED**. Rhoades chose to file numerous cases, some of

which appear to be frivolous. The Court finds him capable of drafting amended complaints in those cases. The Court acknowledges that Rhoades suffers from a debilitating injury which makes writing strenuous. He indicates that it took five months to draft his twelve pending lawsuits. But again, Rhoades does not have to pursue all of his lawsuits. Further, he does not have to start from scratch in drafting amended pleadings because he has already submitted original complaints, and the Court has provided him with guidance on what would be needed to state a viable claim. Thus, the Court **GRANTS in part** Rhoades's request for an extension of time. Rhoades may file an Amended Complaint in this case on or before **January 10, 2023**.

**IT IS SO ORDERED.**

**DATED:**   November 15, 2022

*/s/ Nancy J. Rosenstengel*
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**